## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FAIRMOUNT PROPERTIES, LLC,** | ) | **CASE NO. 5:20CV320** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **COLLEGE TOWN KENT, LLC, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant College Town Kent, LLC asks the Court to realign the recently added Defendants to preserve diversity and this Court's jurisdiction. (Doc. 12). Plaintiff Fairmount Properties, LLC does not oppose. (Doc. 16). Accordingly, the Court **GRANTS** Defendant's requested relief and realigns the parties as discussed herein.

Plaintiff is a real estate developer. One project in its portfolio involved developing Franklin Avenue in Kent, Ohio (the "Project"). During the course and the development of the Project, Plaintiff contracted with third-parties. These third-parties included, Dimit Architects, LLC, The Krill Co., Inc., Professional Service Industries, Inc. and The Riverstone Company (collectively, the "Vendors"). The Vendors provided certain services and, as a result, Plaintiff incurred obligations to compensate the Vendors.

Towards the end of 2018, Plaintiff offered to sell its interests in the Project to Defendant. Defendant accepted Plaintiff's offer and, in early 2019, the parties executed a Purchase

Agreement.  According to Plaintiff, its interests in the Project included its obligations to the Vendors.

However, neither Plaintiff nor Defendant has paid the Vendors.  Plaintiff claims Defendant must pay the Vendors.  Defendant disagrees.

On January 9, 2020, Plaintiff sued Defendant in the Portage County Court of Common Pleas asking the State court to declare the rights and responsibilities under the Purchase Agreement, including the obligation to pay the Vendors.  Defendant timely removed the State action to this Court under the Court's diversity jurisdiction.  On February 20, 2020, Defendant filed its Answer.

On February 28, 2020, Plaintiff amended its Complaint to add the Vendors as defendants. Plaintiff incorporated the Vendors in its Declaratory Judgment claim, asking the Court to rule that Plaintiff does not owe Vendors any compensation.  The Vendors have yet to respond.[1]  The Vendors' involvement as defendants however, destroys diversity jurisdiction because certain Vendors are Ohio citizens, the same State as Plaintiff.

Seeking to preserve the Court's jurisdiction, Defendant filed its Motion to Realign. Plaintiff responded on March 27, 2020 and Defendant filed a Reply shortly thereafter.  In sum, the parties agree that the Court should realign the Vendors as plaintiffs in this case and retain jurisdiction over the matter, although they disagree about how Plaintiff should have amended its Complaint.[2]

"To sustain diversity jurisdiction there must exist an actual [and] substantial[] controversy between citizens of different states, all of whom on one side of the controversy are

---

[1] It also appears that Plaintiff has not served the Vendors, except for Krill Co., Inc., which executed a Waiver of Service.  (*See* Doc. 13).

[2] Because the Court grants the realignment, the Court does not decide the issues involving the amendment process.

citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69 (1941) (citations omitted).  "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Id.*  Rather, "[p]arties must 'be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment.'" *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *City of Indianapolis*, 314 U.S. at 69); *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).

Therefore, a district court must "look beyond pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis*, 314 U.S. at 69. (citations omitted).  In order to make this determination, a court ascertains "from the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* (citations omitted).  In the context of insurance coverage disputes, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *Evanston Ins. Co.*, 867 F.3d at 656 (citing *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)).

Here, the parties do not dispute realignment.  While the Court takes this into consideration, the Court must make this determination for itself as "the parties' own determination of…plaintiffs and…defendants" cannot be conferred on the Courts by the parties. *City of Indianapolis*, 314 U.S. at 69.  Thus, the Court must determine the 'primary purpose' and 'primary and controlling matter' in this lawsuit.

The Court finds that the 'primary purpose' in this controversy is to determine which party must pay the Vendors.  The 'primary and controlling matter' in this controversy is the Purchase Agreement.  At this stage, there appears to be an underlying consensus that the Vendors are

- 3 -

owed money.  While the amounts payable to the Vendors may be disputed, that is merely a secondary dispute at this point.  Plaintiff alleges that the Purchase Agreement requires Defendant to pay the Vendors.  Defendant thinks otherwise.  This disagreement then—again, the primary dispute—impacts the Vendors disproportionately.

The Court agrees with Defendant's characterization of this dispute as akin to an insurance coverage dispute—Plaintiff (insured) seeks payment or coverage from Defendant (insurer) on behalf of the Vendors (injured parties).  Thus, Plaintiff and Vendors should be on the same side of the litigation.  *See Evanston Ins. Co.*, 867 F.3d at 656.

Accordingly, the Court agrees that the parties should be realigned in accordance with their interests.  The Court therefore **GRANTS** Defendant's request to realign the parties and realigns the Vendors as Plaintiffs.  Based on the parties' representations of citizenship, realignment preserves the Court's diversity jurisdiction.  Finally, the Court agrees with the parties and requires the Vendors to bring any legal claims they may have against the proper party via either a cross-claim or counterclaim.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: May 18, 2020**